## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

FULVIO FLETE-GARCIA,
 *Petitioner*,

  v.              No. 3:22-cv-1145 (JAM)

T. PULLEN, *Warden of FCI Danbury,*
 *Respondent*.

### ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

  Petitioner Fulvio Flete-Garcia is a prisoner at the Federal Correctional Institution in

Danbury, Connecticut ("FCI Danbury"). He has filed a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2241 seeking the production of certain "transportation transcripts" from

the U.S. Marshals Service. But because Flete-Garcia does not challenge the conditions of his

confinement or allege facts to suggest that the respondent can grant him the requested relief, I

will dismiss the petition for writ of habeas corpus pursuant to 28 U.S.C. § 1915A.

### BACKGROUND

  Flete-Garcia is presently serving his sentence at FCI Danbury with an expected release

date in September 2026.[1] He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2241 on a standardized form. Under the heading "What are you challenging in this petition," he

states: "Requesting transportation transcripts from United States Marshal Service."[2]

He further states: "My request is a simple one, but no information has been forthcoming.

Transcripts cannot be withheld legally without explanation."[3]

---

[1] *See* Federal Bureau of Prisons, *Find an Inmate* (FULVIO FLETE-GARCIA, Reg. No. 24190-038), https://www.bop.gov/inmateloc [https://perma.cc/J3DU-V967] (last accessed Sept. 14, 2022).
[2] Doc. #1 at 2.
[3] *Id.* at 6.

Flete-Garcia has attached various exhibits to his petition. One of these is a response to his request for relief from respondent T. Pullen, the warden at FCI Danbury. It states that "[t]his is in response to your Request for Administrative Remedy dated April 12, 2022, in which you request transportation transcripts from the United States Marshal Service from May 4, 2015, through December 8, 2021."[4] It further states that "[a] review of this matter reveals the information you are requesting would not be available to FCI Danbury nor come from the Bureau of Prisons."[5] It then furnishes him an address for him to contact the U.S. Marshals Service.[6]

I also take judicial notice that Flete-Garcia has previously sought the same information from the U.S. Marshals Service pursuant to the Freedom of Information Act. *See Flete-Garcia v. United States Marshals Serv.,* 2021 WL 1148796 (D.D.C. 2021). In response to Flete-Garcia's FOIA request, the U.S. Marshals Service has previously furnished him in April 2020 with a database spreadsheet that lists in chronological order 23 times that Flete-Garcia was transported to court between May 4, 2015 and January 17, 2018. *Id.* at *5-6.

## DISCUSSION

Federal law requires a district court to conduct a *sua sponte* review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted." § 1915A(b)(1). Because Flete-Garcia's petition for writ of habeas corpus seeks redress from the warden of FCI Danbury, it is appropriate for the Court to conduct an initial screening review pursuant to 28 U.S.C. § 1915A. *See also* 28 U.S.C. § 2243 ("A court, justice or judge

---

[4] Doc. #1-1 at 1.
[5] *Ibid.*
[6] *Ibid.*

entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto*.") (emphasis added).

"Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren,* 553 U.S. 674, 693 (2008). A federal court has jurisdiction over habeas corpus actions filed by federal prisoners who are "in custody under or by color of the authority of the United States" or who are "in custody in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2241(c)(1) & (c)(3). Section 2241 applies to "challenges to the execution of a federal sentence, including such matters as the administration of parole, ... prison disciplinary actions, prison transfers, type of detention and prison conditions." *Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008) (internal quotations omitted).

I will dismiss the petition for writ of habeas corpus for two reasons. First, the petition does not allege facts to suggest that Flete-Garcia is being unlawfully held in custody. He does not challenge the execution of his sentence or anything to do with the conditions of his confinement at FCI Danbury. Instead, he solely seeks the production of certain records from the warden at FCI Danbury. Even if the warden at FCI Danbury were improperly withholding these records from him, this would not signify that the terms or conditions of Flete-Garcia's custody are unlawful. So there are no grounds for relief by way of a petition for writ of habeas corpus.

Second, Flete-Garcia has sued the wrong defendant. The relief he seeks is the production of records of the U.S. Marshals Service, which is a unit of the federal government that is distinct from the Federal Bureau of Prisons. Nor does Flete-Garcia allege any facts to suggest that the warden at FCI Danbury is in possession of the requested transportation records of the U.S.

Marshals Service. So there are no grounds to conclude that the warden of FCI Danbury is in any position to grant Flete-Garcia the relief he requests.

### CONCLUSION

For the reasons set forth above, the Court DISMISSES the petition for writ of habeas corpus. The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 14th day of September 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge